

1600 WEST END AVENUE
SUITE 2000
NASHVILLE, TENNESSEE 37203

*MAILING ADDRESS:*
P.O. BOX 331884
NASHVILLE, TENNESSEE 37203

PHONE:   615.726.5600

www.bakerdonelson.com

CHRISTOPHER J. BARRETT, ASSOCIATE
**Direct Dial**: 615.726.5646
**E-Mail Address**: cbarrett@bakerdonelson.com

October 21, 2021

**VIA ECF**
The Honorable Judge Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   Request to Stay Discovery in *Jenisa Angeles v. Red Land Cotton, LLC*,
>       No. 1:21-cv-05356-RA (S.D.N.Y.)

Dear Judge Abrams:

Defendant Red Land Cotton, LLC respectfully requests that this Court stay discovery pending resolution of Defendant's Motion to Dismiss (Doc. 12).

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (*quoting Alford v. City of N.Y.*, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012)). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc*., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quoting *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-CV-00509 (VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014)).

First, while the breadth of the discovery sought by the Parties in this case is presently undetermined, Defendant's burden in responding to Plaintiff's Complaint will be high. Plaintiff's form Complaint contains a number of unspecific, technical allegations regarding Defendant's website. For example, Paragraph 25 of the Complaint alleges, in part: "Many features on the Website [sic] lacks alt. text, which is invisible code embedded beneath a graphical image." Paragraph 26 alleges: "Many features on the Website also fail to Add a label element or title attribute for each field." In another example, Paragraph 28 alleges: "The Website also contained a host of broken links, which is a hyperlink to a non-existent or empty webpage." Based on these allegations, it is likely that Plaintiff's written discovery requests will involve technical inquiries

4826-8397-3886v1
2956872-000001 10/21/2021

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON, D.C.

The Honorable Ronnie Abrams
October 21, 2021
Page 2

which would require Defendant to engage a computer expert to investigate and respond. Use of an expert in this regard would be a significant expense and thus would constitute a serious burden on Defendant. Defendant is a relatively new, small company with only 30 employees, and does not employ a full-time IT professional or webmaster.

Second, Plaintiff will not suffer any prejudice as a result of the stay. *See Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice."). Since October 1, 2020, it appears as though Plaintiff has filed *109* federal court lawsuits. Plaintiff and her counsel have scores of active cases to focus on while the Court works to consider and rule on Defendant's pending Motion to Dismiss—a slight delay in one of many cases would not amount to unfair prejudice to Plaintiff. Moreover, Plaintiff's counsel's claim during the October 8, 2021 initial pretrial conference that discovery is needed to help resolve this matter is not accurate. There is little—if any—information that Defendant can supply to Plaintiff that brings this case closer to resolution. Defendant's website remains available for Plaintiff and Plaintiff's counsel's study. Further, as noted in the joint letter submitted to the Court on September 30, 2021 (Doc. 19-1), Defendant made a settlement offer to Plaintiff on August 24, 2021. Plaintiff has still not responded to this offer. In the joint letter, counsel for Plaintiff stated: "The plaintiff is evaluating Plaintiff's most recent settlement offer." Noticeably absent from Plaintiff's remark here is any indication that discovery, or any information from Defendant whatsoever, is necessary for Plaintiff to respond to Defendant's settlement offer. In addition, it appears as though Plaintiff is able to resolve many of her cases via consent decree prior to engaging in discovery—this fact confirms that Plaintiff does not require discovery for settlement.

Third, Defendant's pending Motion to Dismiss is sufficiently strong to warrant a stay in discovery. In assessing the strength of the pending motion forming the basis of the request for stay, the Court should consider if Defendant's Motion to Dismiss "present[s] 'substantial arguments for dismissal[ ].'" *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72 (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Defendant respectfully asserts that its Motion meets this threshold. Defendant's Motion clearly explains why Plaintiff lacks standing here and is grounded in established precedent. Accordingly, Defendant's Motion presents substantial arguments for dismissal.

For the reasons stated above, a stay of discovery pending resolution of Defendant's Motion to Dismiss is warranted. At least one court in this district has imposed a stay of discovery pending resolution of a motion to dismiss in a case with similar allegations. *See Del-Orden v. Bonobos, Inc.*, No. 17 CIV. 2744 (PAE), 2017 WL 6547902, at *15 (S.D.N.Y. Dec. 20, 2017) (lifting stay of discovery following resolution of motion to dismiss in website accessibility case). Accordingly, Defendant respectfully requests that the Court impose a stay of discovery in this matter.

The Honorable Ronnie Abrams
October 21, 2021
Page 3

                                                     Very truly yours,

                                                     Christopher J. Barrett

cc:    Mark Rozenberg, Esq. (via ECF)
        Kenneth Willard, Esq. (via ECF)
        Megan M. Sutton, Esq. (via e-mail at msutton@bakerdonelson.com)
        Kenneth M. Klemm, Esq. (via e-mail at kklemm@bakerdonelson.com)

Application granted. As was discussed at the initial pretrial conference on October 8, 2021, Defendant was directed to file its request to stay discovery by October 22, 2021 and Plaintiff was to respond by October 29, 2021. Plaintiff has not filed a response to date.

Having considered the relevant factors in deciding whether to stay discovery pending a dispositive motion—the strength of the dispositive motion, the breadth of discovery sought and the burden of responding to it, and prejudice to the party opposing the stay, *see Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)—the Court finds that a stay is appropriate here. Accordingly, discovery in this action is hereby stayed pending further order of the Court.

SO ORDERED.

_____
Hon. Ronnie Abrams
11/03/2021

4826-8397-3886v1
2956872-000001 10/21/2021